COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                        SUPERIOR COURT DEPT.

| | |
|---|---|
| STEPHEN ELLICOTT, | ) |
| | ) |
| Plaintiff/Judgment Creditor, | ) |
| v. | ) |
| | ) |
| ARTHUR HENNESSEY, THOMAS HUNTON | ) |
| and AMERICAN CAPITAL ENERGY, INC., | ) |
| | ) |
| Defendants/Judgment Debtors, | ) |
| | ) |
| and | ) |
| | ) |
| ASAHI/AMERICA, INC., LUPOLI COMPANIES, | ) |
| LLC, AMERICAN CAPITAL ENERGY – BDD | ) |
| SOLAR, LLC and CITY OF WOBURN, | ) |
| | ) |
| Reach and Apply Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| BANK OF NEW ENGLAND, ENTERPRISE | ) |
| BANK AND TRUST CO., SANTANDER | ) |
| BANK, N.A. and TD BANK, N.A., | ) |
| | ) |
| Trustee Process Defendants. | ) |

Civil Action No. 17-1617

FILED
ESSEX SUPERIOR COURT
2017 OCT 26   P 12: 33

## VERIFIED COMPLAINT AND JURY DEMAND

### Parties

1.    Plaintiff/Judgment Creditor Stephen Ellicott is an individual residing in Barrington, Rhode Island.

2.    Defendant/Judgment Debtor American Capital Energy, Inc. ("ACE") is a New Jersey corporation registered to do business in Massachusetts, with a principal place of business located in Lawrence, Massachusetts. ACE is a solar energy business.

Exhibit 1

3.     Defendant/Judgment Debtor Thomas Hunton is the President of ACE.  Upon information and belief, Hunton resides in Lyme, New Hampshire.

4.     Defendant/Judgment Debtor Arthur Hennessey is the Treasurer and Chief Financial Officer of ACE.  Upon information and belief, Hennessey resides in Lawrence, Massachusetts.

5.     Reach and Apply Defendant Asahi/America, Inc. ("Asahi") is a Massachusetts corporation with a principal place of business located at 655 Andover Street, Lawrence, MA 01843.

6.     Reach and Apply Defendant Lupoli Companies, LLC ("Lupoli") is a Massachusetts limited liability company with a principal place of business located at 290 Merrimack Street, Lawrence, MA 01843.

7.     Reach and Apply Defendant American Capital Energy – BDD Solar, LLC ("BDD Solar") is a New Mexico limited liability company with a principal place of business located at 2116 Paseo Primero, Santa Fe, NM 87501.

8.     Reach and Apply Defendant City of Woburn ("Woburn") is a municipality located in the Commonwealth of Massachusetts.

9.     Trustee Process Defendant Bank of New England ("BNE") is a federally chartered bank authorized to transact business in the Commonwealth of Massachusetts with a principal place of business located at 12 Haverhill Street, Andover, Massachusetts 01810.

10.    Trustee Process Defendant Enterprise Bank and Trust Co. ("Enterprise") is a federally chartered bank authorized to transact business in the Commonwealth of Massachusetts with a principal place of business located at 222 Merrimack Street, Lowell, Massachusetts 01852.

11.    Trustee Process Defendant Santander Bank, N.A. ("Santander") is a federally chartered bank authorized to transact business in the Commonwealth of Massachusetts with a registered agent located at 84 State Street, Boston, Massachusetts 02109.

12.    Trustee Process Defendant TD Bank, N.A. ("TD") is a federally chartered bank authorized to transact business in the Commonwealth of Massachusetts with a principal place of business located at 450 Essex Street, Lawrence, Massachusetts 01843.

### Facts Common To All Counts

13.    Between 2007 and 2013, Mr. Ellicott worked at ACE as a commissioned salesperson. Per his compensation agreement with ACE, Mr. Ellicott was entitled to 40% of the profit margin on any sale he made. Mr. Ellicott made nine (9) sales for ACE, generating almost $40 million in revenue for ACE. ACE failed to pay Mr. Ellicott the amounts due under the compensation agreement.

14.    On April 2, 2014, Mr. Ellicott brought suit in Middlesex County Superior Court for breach of contract and violation of the Massachusetts Wage Act. In January 2017, after a two-week jury trial, the jury awarded Mr. Ellicott $958,830.00 in unpaid wages. Pursuant to the Wage Act, the Court trebled the jury award. On February 6, 2017, the Court entered judgment against Defendants, jointly and severally, in the amount of $2,876,490 (the "Judgment"). A true and accurate copy of the Judgment is appended hereto at Tab A. On April 3, 2017, the Court awarded Mr. Ellicott $341,340.43 in attorneys' fees and costs. The Court issued a First Execution on April 4, 2017, a true and accurate copy of which is appended hereto at Tab B.

15.    Mr. Ellicott has conducted extensive post-judgment asset discovery. Mr. Ellicott has learned that since 2010, Defendants Hunton and Hennessey have siphoned over two (2) million dollars from ACE by way of bogus "loans" made to them by ACE (the "Loans"):

-3-

| "Loans" | Hennessey | Hunton |
|---|---|---|
| 2010 | $483,000 | $75,000 |
| 2011 | -0- | -0- |
| 2012 | 24,500 | 588,821.34 |
| 2013 | 98,690.13 | 115,228.31 |
| 2014 | 187,363.46 | 330,008.00 |
| 2015 | 52,736.05 | 42,276.88 |
| 2016 | 53,344.57 | 35,000 |
| January – March 2017[1] | 8,000 | 27,000 |
| Total | $907,634.21 | $1,213,334.53 |

The Loans are documented on a spreadsheet prepared by ACE, a true and accurate copy of which is appended hereto at Tab C.

16.    On or about November 25, 2015, well after Mr. Ellicott brought suit against ACE, Hunton and Hennessey both executed promissory notes memorializing the Loans given by ACE between 2010 and 2014 (the "Promissory Notes"). True and accurate copies of the Promissory Notes are appended hereto at Tab D. ACE has not yet memorialized in writing the Loans given to Hunton and Hennessey from 2015 to date.

17.    Hennessey and Hunton have not repaid any amounts of these Loans. Providing these Loans has put ACE on the brink of bankruptcy. During this same time period, ACE has paid Hennessey and Hunton salaries of almost $1 million each.

18.    Mr. Ellicott also learned in post-judgment discovery that certain projects currently provide ACE with an income stream: Asahi, Lupoli, BDD Solar and Woburn.

19.    Mr. Ellicott has further learned that ACE maintains modest amounts of money in the following banks: BNE, Enterprise and Santander. Mr. Hennessey maintains a bank account at TD.

---

[1]    This only represents loans made through March 2017. Defendants have refused to produce bank statements for dates thereafter.

## Count I
### (Fraudulent Transfer – Violation of G.L. c. 109A, § 5)

20.     Mr. Ellicott repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21.     The Loans are "transfers" pursuant to G.L. c. 109A, § 5.

22.     ACE, Hennessey and Hunton made, authorized and/or accepted the Loans (i) with actual intent to hinder, delay, or defraud ACE's creditors; or (ii) without allowing ACE to receive a reasonably equivalent value in exchange for the Loans, and ACE: (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of ACE were unreasonably small in relation to the business or transaction; or (ii) intended to incur debts beyond its ability to pay as they became due.

23.     With respect to ACE, Hennessey and Hunton's actual intent, (i) the Loans were made to insiders, (ii) the Loans were disclosed or concealed from Mr. Ellicott, (iii) before the Promissory Notes were executed, ACE had been sued by Mr. Ellicott, (iv) upon information and belief, the Loans were of substantially all of ACE's assets, (v) ACE removed or concealed assets, (vi) the value of the consideration received by ACE was not reasonably equivalent to the value of the assets transferred, (vii) upon information and belief, ACE was insolvent or became insolvent shortly after the Loans were made, and (viii) the Loans occurred shortly before or shortly after a substantial debt was incurred by ACE.

## Count II
### (Fraudulent Transfer – Violation of G.L. c. 109A, § 6)

24.     Mr. Ellicott repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25.     The Loans made to Hennessey and Hunton, as evidenced by the Promissory Notes, are "transfers" within the meaning of G.L. c. 109A, § 6.

26.     Mr. Ellicott's claims against ACE arose before the transfers were made.

27.     Upon information and belief, ACE, Hennessey and Hunton made, authorized, and/or accepted the Loans without allowing ACE to receive a reasonably equivalent value in exchange and ACE was insolvent at that time or became insolvent as a result of the Loans.

## Count III
## (Violation of G.L. c. 93A)

28.     Mr. Ellicott repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29.     At all relevant times, the parties were engaged in trade or commerce, as that term is defined in G.L. c. 93A.

30.     ACE, Hennessey and Hunton's conduct, as described above, constitutes one or more unfair or deceptive acts in violation of G.L. c. 93A, §§ 2 and 11, including perpetrating a fraud on ACE's creditors, including Mr. Ellicott.

31.     ACE, Hennessey and Hunton's conduct occurred primarily and substantially in the Commonwealth of Massachusetts.

32.     ACE, Hennessey and Hunton's conduct was willful and knowing.

33.     Mr. Ellicott has suffered loss of money and/or property as a result of ACE, Hunton and Hennessey's violation of G.L. c. 93A.

## Count IV
## (Reach and Apply – Asahi)

34.     Mr. Ellicott repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35.     Upon information and belief, ACE has entered into a contract with Asahi which provides ACE with a revenue stream.

36.     Mr. Ellicott is entitled to reach and apply any amounts Asahi owes ACE to satisfy the judgment entered against ACE.

37.     Mr. Ellicott is also entitled to a preliminary injunction against Asahi, or any party acting on Asahi's behalf, to prevent Asahi from conveying, assigning, transferring, pledging, encumbering, mortgaging, receiving, liquidating, disposing of, or in any manner dissipating ACE's interest in amounts due from Asahi to ACE.

## Count V
### (Reach and Apply – Lupoli)

38.     Mr. Ellicott repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39.     Upon information and belief, ACE has entered into a contract with Lupoli which provides ACE with a revenue stream.

40.     Mr. Ellicott is entitled to reach and apply any amounts Lupoli owes ACE to satisfy the judgment entered against ACE.

41.     Mr. Ellicott is also entitled to a preliminary injunction against Lupoli, or any party acting on Lupoli's behalf, to prevent Lupoli from conveying, assigning, transferring, pledging, encumbering, mortgaging, receiving, liquidating, disposing of, or in any manner dissipating ACE's interest in amounts due from Lupoli to ACE.

## Count VI
### (Reach and Apply – BDD Solar)

42.     Mr. Ellicott repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43.     Upon information and belief, ACE is BDD Solar's sole member.  BDD Solar is listed as an "Asset" on ACE's balance sheet.

44.     Upon information and belief, BDD Solar is a going concern that receives

revenues payable to ACE.

45.     Mr. Ellicott is entitled to reach and apply any amounts BDD Solar owes ACE to

satisfy the judgment entered against ACE.

46.     Mr. Ellicott is also entitled to a preliminary injunction against BDD Solar, or any

party acting on BDD Solar's behalf, to prevent BDD Solar from conveying, assigning,

transferring, pledging, encumbering, mortgaging, receiving, liquidating, disposing of, or in any

manner dissipating ACE's interest in amounts due from BDD Solar to ACE.

### Count VII
### (Reach and Apply – Woburn)

47.     Mr. Ellicott repeats, realleges, and incorporates by reference the allegations set

forth in paragraphs 1 through 46 as if fully set forth herein.

48.     Upon information and belief, ACE has entered into a contract with Woburn which

provides ACE with a revenue stream.

49.     Mr. Ellicott is entitled to reach and apply any amounts Woburn owes ACE to

satisfy the judgment entered against ACE.

50.     Mr. Ellicott is also entitled to a preliminary injunction against Woburn, or any

party acting on Woburn's behalf, to prevent Woburn from conveying, assigning, transferring,

pledging, encumbering, mortgaging, receiving, liquidating, disposing of, or in any manner

dissipating ACE's interest in amounts due from Woburn to ACE.

### Count VIII
### (Trustee Process)

51.     Mr. Ellicott repeats, realleges, and incorporates by reference the allegations set

forth in paragraphs 1 through 50 as if fully set forth herein.

-8-

52.    Mr. Ellicott is informed and believes that BNE has debts, goods, effects or credits due from or in its hands or possession, and owned by ACE.

53.    Mr. Ellicott is informed and believes that Enterprise has debts, goods, effects or credits due from or in the hands or possession, and owned by ACE.

54.    Mr. Ellicott is informed and believes that Santander has debts, goods, effects or credits due from or in the hands or possession, and owned by ACE.

55.    Mr. Ellicott is informed and believes that TD has debts, goods, effects or credits due from or in the hands or possession, and owned by Hennessey.

56.    The debts, goods, effects or credits due from or in the hands of BNE, Enterprise, and Santander are assets presently available to secure the payment of the judgment which Mr. Ellicott has against ACE.

57.    The debts, goods, effects or credits due from or in the hands of TD are assets presently available to secure the payment of the judgment which Mr. Ellicott has against Hennessey.

58.    The Court has already entered judgment in Mr. Ellicott's favor against ACE and Hennessey in the amounts of $2,876,490 and $2,576,490, respectively.

59.    ACE has not posted a bond to prevent collection efforts and ACE has no known liability insurance available to satisfy the judgment entered against it.

60.    Hennessey has not posted a bond to prevent collection efforts and Hennessey has no known liability insurance available to satisfy the judgment entered against him.

61.    There is a clear danger that ACE, if notified in advance of the attachment on trustee process, will withdraw or transfer the monies or credits they have from BNE, Enterprise and/or Santander.

62.     There is a clear danger that Hennessey, if notified in advance of the attachment on trustee process, will withdraw or transfer the monies or credits he has from TD.

**PLAINTIFF DEMANDS A JURY ON ALL CLAIMS SO TRIABLE.**

WHEREFORE, Plaintiff Stephen Ellicott prays that the Court:

1.     Enter judgment in his favor on Counts I, II and III in an amount to be determined at trial;

2.     Pursuant to Count IV, issue a preliminary injunction ordering that Reach and Apply Defendant Asahi/America, Inc., or any party acting on its behalf, be restrained and enjoined from conveying, assigning, transferring, pledging, encumbering, mortgaging, receiving, liquidating, disposing of, or in any manner dissipating ACE's interest in amounts due to ACE;

3.     Pursuant to Count V, issue a preliminary injunction ordering that Reach and Apply Defendant Lupoli Companies, LLC, or any party acting on its behalf, be restrained and enjoined from conveying, assigning, transferring, pledging, encumbering, mortgaging, receiving, liquidating, disposing of, or in any manner dissipating ACE's interest in amounts due to ACE;

4.     Pursuant to Count VI, issue a preliminary injunction ordering that Reach and Apply Defendant American Capital Energy – BDD Solar, LLC, or any party acting on its behalf, be restrained and enjoined from conveying, assigning, transferring, pledging, encumbering, mortgaging, receiving, liquidating, disposing of, or in any manner dissipating ACE's interest in amounts due to ACE;

5.     Pursuant to Count VII, issue a preliminary injunction ordering that Reach and Apply Defendant City of Woburn, or any party acting on its behalf, be restrained and enjoined from conveying, assigning, transferring, pledging, encumbering, mortgaging, receiving, liquidating, disposing of, or in any manner dissipating ACE's interest in amounts due to ACE;

6.     Enter trustee process attachments in the amount of $2,876,490 against BNE, Enterprise and Santander;

7.     Enter a trustee process attachment in the amount of $2,576,490 against TD;

8.     Award Plaintiff the costs of bringing this action and his reasonable attorneys' fees; and

9.     Award Plaintiff such other and further relief as the Court may deem just and proper.

-10-

October 26, 2017

STEPHEN ELLICOTT,

By his attorneys,

Christopher A. Kenney (BBO# 556511)
(cakenney@KandSlegal.com)
Anthony L. DeProspo, Jr. (BBO# 644668)
(aldeprospo@kandslegal.com)
KENNEY & SAMS, P.C.
225 Turnpike Road
Southborough, Massachusetts 01772
Tel.: (508) 490-8500
Fax: (508) 490-8501

-11-

## VERIFICATION

I, Stephen Ellicott, have read the above Verified Complaint and Jury Demand and do hereby verify the facts stated therein as true and are based upon my own personal knowledge, information and belief, and insofar as they are based upon information and belief, I believe them to be true.

Signed under the pains and penalties of perjury this 25 day of October, 2017.

_____
Stephen Ellicott

_____
Notary Public

My commission expires: 6/5/20

-12-

# Exhibit A

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN ELLICOTT, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| AMERICAN CAPITAL ENERGY, INC., | ) |
| THOMAS HUNTON, and | ) |
| ARTHUR HENNESSEY, | ) |
|  | ) |
| Defendants. | ) |

Civil Action No.
14-12152-FDS

## JUDGMENT IN A CIVIL CASE

SAYLOR, J.

**Jury Verdict.** This action having come before the court for a trial by jury, and the issues having been tried and the jury having rendered a verdict,

It is hereby ORDERED AND ADJUDGED that

Judgment be entered in favor of the plaintiff, STEPHEN ELLICOTT, against the defendants, AMERICAN CAPITAL ENERGY, INC., THOMAS HUNTON, and ARTHUR HENNESSEY, and awarded damages as follows:

As to Count I of the Amended Complaint against defendant American Capital Energy, Inc., the amount of $758,830, trebled pursuant to Mass. Gen. Laws ch. 149, § 150, for the total sum of $2,276,490, plus reasonable attorneys' fees and costs;

As to Count I of the Amended Complaint against defendant Thomas Hunton, the amount of $100,000, trebled pursuant to Mass. Gen. Laws ch. 149, § 150, for the total sum of $300,000, plus joint and several liability for any amounts owed by American Capital Energy, Inc., under Count I of the Amended Complaint, plus reasonable attorneys' fees and costs;

As to Count I of the Amended Complaint against defendant Arthur Hennessey, the amount of $100,000, trebled pursuant to Mass. Gen. Laws ch. 149, § 150, for the total sum of $300,000, plus joint and several liability for any amounts owed by American Capital Energy, Inc., under Count I of the Amended Complaint, plus reasonable attorneys' fees and costs; and

As to Count II of the Amended Complaint against defendant American Capital Energy, Inc., the amount of $958,830.

For a total judgment of: $2,876,490, plus reasonable attorney's fees and costs.

So Ordered.

F. DENNIS SAYLOR, IV
UNITED STATES DISTRICT JUDGE

/s/ Lisa Pezzarossi

Deputy Clerk

Dated: February 6, 2017

NOTE: the post judgment interest rate effective this date is % .82

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FIRST EXECUTION**                                  CIVIL ACTION NO. 14-CV-12152-FDS

To the United States Marshal for the District of Massachusetts or either of his Deputies:

WHEREAS Stephen Ellicott has recovered judgment in a Civil Case (Docket No. 199) against American Capital Energy, Inc., Thomas Hunton, and Arthur Hennessey on the 6th day of February, 2017, jointly and severally for the sum of $2,276,490, and against Thomas Hunton separately for the sum of $300,000, and against Arthur Hennessey separately for the sum of $300,000, debt or damage; as to us appears of record, whereof this First Execution remains to be done.

WE COMMAND YOU, therefore, that the goods and chattels or lands or funds of said Judgment Debtors, American Capital Energy, Inc., Thomas Hunton, and Arthur Hennessey, to cause to be paid and satisfied unto the said Judgment Creditor, Stephen Ellicott, at the value thereof in money, jointly and severally the aforesaid sum of $2,276,490, and of said Judgment Debtor Thomas Hunton separately the aforesaid sum of $300,000, and of said Judgment Debtor Arthur Hennessey separately the aforesaid sum of $300,000, with interest thereon at the rate of %0.82 from said day of rendition of said judgment, the 6th day of February, 2017; and thereof also to satisfy yourself for your own fees.

HEREOF FAIL NOT and make due return of this First Execution with your doings thereon into the Clerk's Office at our said court, at 1 Courthouse Way, Boston, Massachusetts, within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or discharged.

Dated this 4th day of April, 2017.

SEAL

ROBERT M. FARRELL
CLERK OF COURT

BY:

Deputy Clerk Lisa Pezzarossi

# Exhibit C

# Exhibit D

## PROMISSORY NOTE

$793,553.59                    Lawrence, Massachusetts        Date: November 25, 2015

FOR VALUE RECEIVED, Arthur Hennessey ("Maker"), hereby promises to pay to the order of American Capital Energy, Inc., (Payee"), at Lawrence, Massachusetts, the principal sum of Seven Hundred Ninety Three Thousand Five hundred Fifty Three Dollars and Fifty Nine Cents, five (5) years from the date of this note, as indicated below. Interest only shall be payable annually on the unpaid principal balance at a rate equal to four tenths percent (0.40%) per annum.

Maker shall be entitled to prepay the principal of, and accrued interest on, this note at any time, in full, without premium or penalty.

If Maker shall fail to pay the full amount of principal, with interest, when same is due and payable in accordance with the terms hereof or, in the event a default should occur under any agreement, document or instrument executed in connection herewith, the holder hereof may, at its option, declare the entire unpaid principal of and accrued interest on this note immediately due and payable, without notice, demand or presentment, all of which are hereby waived, offset against this note any sum or sums owed by the holder hereof to Maker, and/or exercise any other right or remedy to which the holder hereof may be entitled by agreement, at law, or in equity. Each right and remedy available to the holder hereof shall be cumulative of and in addition to each other such right and remedy. No delay on the part of the holder hereof in the exercise of any right or remedy shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude other or further exercise thereof or exercise of any other such right or remedy. At the option of the holder hereof, all past due principal of and accrued interest on this note shall bear interest at the highest lawful rate from maturity (stated or by acceleration) until paid.

Notwithstanding any provision of this note or any instrument securing payment of the indebtedness evidenced by this note to the contrary, it is the intent of the Maker and Payee hereof that Payee shall never be entitled to receive, collect or apply, as interest on principal of the indebtedness, any amount in excess of the maximum rate of interest to be charged by applicable law; and in the event Payee ever receives, collects or applies as interest any such excess, such amount which would be excess interest shall be deemed a partial prepayment of principal and treated hereunder as such, and if the principal of the indebtedness secured hereby is paid in full, any remaining excess funds shall forthwith be paid to the Maker. In determining whether or not interest of any kind paid or payable hereunder, under any specific contingency, exceeds the highest lawful rate, the Maker and Payee shall, to the maximum extent permitted under applicable law, (a) characterize any non-principal payment as an expense, fee or premium rather than as interest, (b) exclude voluntary prepayments and the effects thereof, and (c) amortize, prorate, allocate

PROMISSORY NOTE - Page 1

and spread, in equal parts, the total amount of interest throughout the entire contemplated term of the indebtedness so that the interest rate is uniform throughout the entire term of the indebtedness; provided that if the indebtedness is paid and performed in full prior to the end of such contemplated term thereof, and if the amount of interest received for the actual period of existence thereof exceeds the maximum lawful rate, Payee shall refund to the Maker the amount of such excess. Payee shall not be subject to any penalties provided by any laws for contracting for, charging or receiving interest in excess of the maximum lawful rate.

Maker, and each surety, endorser, guarantor and other party ever liable for payment of any sums of money payable on this note, jointly and severally waive presentment and demand for payment, protest, notice of protest and nonpayment, and notice of intention to accelerate, and agree that their liability on this note shall not be affected by any renewal or extension in the time of payment hereof, by any indulgences or by any release or change in any security for the payment of this note, and hereby consent to any and all renewals, extensions, indulgences, releases or changes, regardless of the number of such renewals, extensions, indulgences, releases or changes.

Date: 11/25/15                     BY:

STATE OF MASSACHUSETTS    §
                          §
COUNTY OF Essex           §

SUBSCRIBED and SWORN TO before me, the undersigned authority, on this the

25 day of November , 2015 , by Art Hennessey.

SEAL:

ZACHARY C. OSGOOD
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
February 2, 2018

Notary Public, State of Massachusetts

PROMISSORY NOTE - Page 2

## PROMISSORY NOTE

$1,109,057.65                    Lawrence, Massachusetts          Date: November 25,
2015

FOR VALUE RECEIVED, Thomas Hunton ("Maker"), hereby promises to pay to
the order of American Capital Energy, Inc., (Payee"), at Lawrence, Massachusetts, the
principal sum of One Million, One Hundred Nine Thousand Fifty Seven Dollars and Sixty
Five Cents, five (5) years from the date of this note, as indicated below. Interest only
shall be payable annually on the unpaid principal balance at a rate equal to four tenths
percent (0.40%) per annum.

Maker shall be entitled to prepay the principal of, and accrued interest on, this note
at any time, in full, without premium or penalty.

If Maker shall fail to pay the full amount of principal, with interest, when same is
due and payable in accordance with the terms hereof or, in the event a default should
occur under any agreement, document or instrument executed in connection herewith,
the holder hereof may, at its option, declare the entire unpaid principal of and accrued
interest on this note immediately due and payable, without notice, demand or
presentment, all of which are hereby waived, offset against this note any sum or sums
owed by the holder hereof to Maker, and/or exercise any other right or remedy to which
the holder hereof may be entitled by agreement, at law, or in equity. Each right and
remedy available to the holder hereof shall be cumulative of and in addition to each other
such right and remedy. No delay on the part of the holder hereof in the exercise of any
right or remedy shall operate as a waiver thereof, nor shall any single or partial exercise
thereof preclude other or further exercise thereof or exercise of any other such right or
remedy. At the option of the holder hereof, all past due principal of and accrued interest
on this note shall bear interest at the highest lawful rate from maturity (stated or by
acceleration) until paid.

Notwithstanding any provision of this note or any instrument securing payment of
the indebtedness evidenced by this note to the contrary, it is the intent of the Maker and
Payee hereof that Payee shall never be entitled to receive, collect or apply, as interest on
principal of the indebtedness, any amount in excess of the maximum rate of interest to be
charged by applicable law; and in the event Payee ever receives, collects or applies as
interest any such excess, such amount which would be excess interest shall be deemed
a partial prepayment of principal and treated hereunder as such, and if the principal of the
indebtedness secured hereby is paid in full, any remaining excess funds shall forthwith be
paid to the Maker. In determining whether or not interest of any kind paid or payable
hereunder, under any specific contingency, exceeds the highest lawful rate, the Maker
and Payee shall, to the maximum extent permitted under applicable law, (a) characterize
any non-principal payment as an expense, fee or premium rather than as interest, (b)

PROMISSORY NOTE - Page 1

exclude voluntary prepayments and the effects thereof, and (c) amortize, prorate, allocate and spread, in equal parts, the total amount of interest throughout the entire contemplated term of the indebtedness so that the interest rate is uniform throughout the entire term of the indebtedness; provided that if the indebtedness is paid and performed in full prior to the end of such contemplated term thereof, and if the amount of interest received for the actual period of existence thereof exceeds the maximum lawful rate, Payee shall refund to the Maker the amount of such excess.  Payee shall not be subject to any penalties provided by any laws for contracting for, charging or receiving interest in excess of the maximum lawful rate.

Maker, and each surety, endorser, guarantor and other party ever liable for payment of any sums of money payable on this note, jointly and severally waive presentment and demand for payment, protest, notice of protest and nonpayment, and notice of intention to accelerate, and agree that their liability on this note shall not be affected by any renewal or extension in the time of payment hereof, by any indulgences or by any release or change in any security for the payment of this note, and hereby consent to any and all renewals, extensions, indulgences, releases or changes, regardless of the number of such renewals, extensions, indulgences, releases or changes.

Date: _11/25/15_          BY: _____

STATE OF MASSACHUSETTS  §
                        §
COUNTY OF _Essex_       §

SUBSCRIBED and SWORN TO before me, the undersigned authority, on this the

_25_ day of _November_ , _2015_ , by _Thomas Hunton_.

SEAL:

ZACHARY C. OSGOOD
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
February 2, 2018

PROMISSORY NOTE - Page 2

--

(
_____
Notary Public, State of Massachusetts

PROMISSORY NOTE - Page 3

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                               SUPERIOR COURT DEPT.

|  |  |
|---|---|
| STEPHEN ELLICOTT, | ) |
| | ) |
| Plaintiff/Judgment Creditor, | ) |
| v. | ) |
| | ) |
| ARTHUR HENNESSEY, THOMAS HUNTON | ) |
| and AMERICAN CAPITAL ENERGY, INC., | ) |
| | ) |
| Defendants/Judgment Debtors, | ) |
| | ) |
| and | )   Civil Action No. _____ |
| | ) |
| ASAHI/AMERICA, INC., LUPOLI COMPANIES, ) | |
| LLC, AMERICAN CAPITAL ENERGY – BDD | ) |
| SOLAR, LLC and CITY OF WOBURN, | ) |
| | ) |
| Reach and Apply Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| BANK OF NEW ENGLAND, ENTERPRISE | ) |
| BANK AND TRUST CO., SANTANDER | ) |
| BANK, N.A. and TD BANK, N.A., | ) |
| | ) |
| Trustee Process Defendants. | ) |
| | ) |

**PLAINTIFF STEPHEN ELLICOTT'S**
***EX PARTE* MOTION FOR ATTACHMENT ON TRUSTEE PROCESS**
**(Memorandum Incorporated)**

Judgment has already entered in Plaintiff Stephen Ellicott's favor against Defendants in

the amount of $3,217,830.43. Rather than pay the judgment, Defendant American Capital

Energy, Inc. ("ACE") has given away to its principals Defendants Arthur Hennessey and

Thomas Hunton over $2 million in the form of bogus non-taxable "loans" (the "Loans"). ACE

has put itself on the brink of bankruptcy to line the pockets of its principals and avoid paying Mr.

Ellicott. Mr. Ellicott is entitled to *ex parte* relief.

Pursuant to Mass. R. Civ. P. 4.2(g), Plaintiff Stephen Ellicott moves *ex parte* for an order approving attachments on trustee process in the amount of $3,217,830.43 of the goods, effects or credits owned by ACE in the hands or possession of Bank of New England, Enterprise Bank and Trust Co. and Santander Bank, N.A. (the "Banks") in order to satisfy a <u>judgment already entered in Mr. Ellicott's favor</u> in the amount of $3,217,830.43. Proposed form of trustee process attachments (in one-third shares) are appended hereto at <u>Tabs A, B and C</u>. As further grounds for this motion, Mr. Ellicott relies on his Verified Complaint and Jury Demand ("VC") filed on October 26, 2017.[1]

### The Court Has Already Entered Judgment Of Over $3 Million In Mr. Ellicott's Favor

This case involves Defendants' violation of the Massachusetts Wage Act. Between 2007 and 2013, Mr. Ellicott worked at ACE as a commissioned salesperson. VC at ¶ 13. Per his compensation agreement with ACE, Mr. Ellicott was entitled to 40% of the profit margin on any sale he made. <u>Id.</u> Mr. Ellicott made nine (9) sales for ACE, generating almost $40 million in revenue. <u>Id.</u> ACE failed to pay Mr. Ellicott the amounts due under his agreement. <u>Id.</u>

On April 2, 2014, Mr. Ellicott brought suit for breach of contract and violation of the Massachusetts Wage Act. VC at ¶ 14. In January 2017, after a two-week jury trial, the jury awarded Mr. Ellicott $958,830.00 in unpaid wages. <u>Id.</u> Pursuant to the Wage Act, the Court trebled the jury award. <u>Id.</u> On February 6, 2017, the Court entered judgment against Defendants, jointly and severally, in the amount of $2,876,490 (the "Judgment"). <u>Id.</u> On April 3, 2017, the Court awarded Mr. Ellicott $341,340.43 in attorneys' fees and costs. <u>Id.</u> The Court issued a First Execution on April 4, 2017. <u>Id.</u>

---

[1]    For the same reasons, Plaintiff respectfully requests that the Court approve an attachment on trustee process in the amount of $3,217,830.43 of the goods, effects or credits owned by Defendant Arthur Hennessey in the hands or possession of TD Bank, N.A. <u>Tab D</u>, appended hereto.

## Legal Standard

Attachment on trustee process is available even though Defendants have appealed the jury verdict. See Borne v. Haverhill Golf & Country Club, Inc., 58 Mass. App. Ct. 306, 326 (2003); see also Fustolo v. 50 Thomas Patton Drive, LLC, 2015 WL 4876075 (D. Mass. Feb. 17, 2015). The most important factor in issuing an *ex parte* attachment on trustee process is a showing of a likelihood of success on the merits. Mr. Ellicott has made that showing, as Judgment has already entered.

### Necessity for *Ex Parte* Relief

Mr. Ellicott has conducted extensive post-judgment asset discovery. Since 2010, Defendants Hunton and Hennessey have siphoned over two (2) million dollars from ACE by way of bogus "loans" made to them by ACE (the "Loans"). VC at ¶ 15. ACE has "loaned" Hennessey $907,634.21; ACE has "loaned" Hunton $1,213,334.53. Id. On or about November 25, 2015, well after Mr. Ellicott brought suit against ACE, Hunton and Hennessey both executed promissory notes memorializing the Loans given by ACE between 2010 and 2014 (the "Promissory Notes"). Id. at ¶ 16. ACE has not yet memorialized in writing the Loans given to Hunton and Hennessey from 2015 to date. Id. Hennessey and Hunton have not repaid any amounts of these Loans, and providing these Loans has put ACE on the brink of bankruptcy. Id. at ¶ 17. During this same time period, ACE paid Hennessey and Hunton salaries of almost $1 million each. Id.

Based on ACE's disregard for its contractual obligations to Mr. Ellicott, indeed, ACE swindled Mr. Ellicott out of almost $1 million in unpaid wages, there is a clear danger that ACE, if notified in advance of the attachment on trustee process, will either withdraw the goods, effects or credits from the hands and possession of the Banks, or conceal them, or dissipate the funds in order to defeat Mr. Ellicott's ability to collect on the judgment he obtained.

-3-

It is particularly troubling that ACE would allow Hunton and Hennessey to siphon over $2 million of tax free "Loans" from ACE after Mr. Ellicott brought suit and after Judgment entered against ACE. The Court can and should put an end to this tortious conduct, and allow Mr. Ellicott to collect the monies that a jury found Mr. Ellicott is entitled to. Mr. Ellicott is unaware of any liability insurance sufficient to satisfy the Judgment entered in this case. VC at ¶ 59. As a result, the Court should allow PWI's motion for attachment on trustee process.

WHEREFORE, Plaintiff Stephen Ellicott requests that the Court:

1. Make a finding and order for approval of attachment on trustee process funds in the hands or possession of Bank of New England in the amount of $1,072,610;

2. Make a finding and order for approval of attachment on trustee process funds in the hands or possession of Enterprise Bank & Trust Co. in the amount of $1,072,610;

3. Make a finding and order for approval of attachment on trustee process funds in the hands or possession of Santander Bank, N.A. in the amount of $1,072,610;

4. Make a finding and order for approval of attachment on trustee process funds in the hands or possession of TD Bank, N.A. in the amount of $3,217,830.43; and

5. Grant such other and further relief as the Court deems proper.

October 26, 2017                                    STEPHEN ELLICOTT,

By his attorneys,

Christopher A. Kenney (BBO# 556511)
(cakenney@KandSlegal.com)
Anthony L. DeProspo, Jr. (BBO# 644668)
(aldeprospo@kandslegal.com)
KENNEY & SAMS, P.C.
225 Turnpike Road
Southborough, Massachusetts 01772
Tel.: (508) 490-8500
Fax: (508) 490-8501

-4-

# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                              SUPERIOR COURT DEPT.

STEPHEN ELLICOTT,                        )
                                         )
        Plaintiff/Judgment Creditor,     )
v.                                       )
                                         )
ARTHUR HENNESSEY, THOMAS HUNTON          )
and AMERICAN CAPITAL ENERGY, INC.,       )
                                         )
        Defendants/Judgment Debtors,     )
                                         )
and                                      )      Civil Action No. _____
                                         )
ASAHI/AMERICA, INC., LUPOLI COMPANIES, )
LLC, AMERICAN CAPITAL ENERGY – BDD       )
SOLAR, LLC and CITY OF WOBURN,           )
                                         )
        Reach and Apply Defendants,      )
                                         )
and                                      )
                                         )
BANK OF NEW ENGLAND, ENTERPRISE          )
BANK AND TRUST CO., SANTANDER            )
BANK, N.A. and TD BANK, N.A.,            )
                                         )
        Trustee Process Defendants.      )
                                         )

## FINDING AND ORDER OF APPROVAL OF
## *EX PARTE* ATTACHMENT ON TRUSTEE PROCESS
## (Bank of New England)

This cause came to be heard upon an *ex parte* motion for an order of approval on trustee

process, and upon consideration thereof, and the papers filed in support, the Court hereby finds

that Plaintiff Stephen Ellicott has recovered judgment, including interest and costs, in an amount

equal to or greater than the amount of the trustee process over and above any liability insurance

known or reasonably believed to be available, and that:

1.     There is a clear danger that Defendant/Judgment Debtor American Capital

Energy, Inc. ("ACE"), if notified in advance of the attachment on trustee process, will withdraw

the goods, effects or credits from the hands and possession of the trustee and remove them from

the Commonwealth or conceal them; and/or

2.     There is an immediate danger that ACE will dissipate the credits to be attached on

trustee process.

WHEREUPON, the Court hereby approves attachment on trustee process in the amount

of one million, seventy two thousand, six hundred and ten dollars ($1,072,610) of the goods,

effects and credits of ACE in the hands of Trustee Process Defendant Bank of New England, 12

Haverhill Street, Andover, Massachusetts 01810, subject to all applicable exemptions and

limitations provided by law.

Date: _____          _____

                                      Justice of the Superior Court

# Exhibit B

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                                   SUPERIOR COURT DEPT.

|  |  |
|---|---|
| STEPHEN ELLICOTT,                          )<br>                                          )<br>     Plaintiff/Judgment Creditor,            )<br>v.                                          )<br>                                            )<br>ARTHUR HENNESSEY, THOMAS HUNTON            )<br>and AMERICAN CAPITAL ENERGY, INC.,          )<br>                                            )<br>     Defendants/Judgment Debtors,            )<br>                                            )<br>and                                         )<br>                                            )<br>ASAHI/AMERICA, INC., LUPOLI COMPANIES, )<br>LLC, AMERICAN CAPITAL ENERGY – BDD          )<br>SOLAR, LLC and CITY OF WOBURN,              )<br>                                            )<br>     Reach and Apply Defendants,             )<br>                                            )<br>and                                         )<br>                                            )<br>BANK OF NEW ENGLAND, ENTERPRISE            )<br>BANK AND TRUST CO., SANTANDER               )<br>BANK, N.A. and TD BANK, N.A.,               )<br>                                            )<br>     Trustee Process Defendants.             )<br>                                            ) | Civil Action No. _____ |

### FINDING AND ORDER OF APPROVAL OF
### *EX PARTE* ATTACHMENT ON TRUSTEE PROCESS
### (Enterprise Bank and Trust Co.)

This cause came to be heard upon an *ex parte* motion for an order of approval on trustee

process, and upon consideration thereof, and the papers filed in support, the Court hereby finds

that Plaintiff Stephen Ellicott has recovered judgment, including interest and costs, in an amount

equal to or greater than the amount of the trustee process over and above any liability insurance

known or reasonably believed to be available, and that:

1.     There is a clear danger that Defendant/Judgment Debtor American Capital

Energy, Inc. ("ACE"), if notified in advance of the attachment on trustee process, will withdraw

the goods, effects or credits from the hands and possession of the trustee and remove them from

the Commonwealth or conceal them; and/or

2.     There is an immediate danger that ACE will dissipate the credits to be attached on

trustee process.


WHEREUPON, the Court hereby approves attachment on trustee process in the amount

of one million, seventy two thousand, six hundred and ten dollars ($1,072,610) of the goods,

effects and credits of ACE in the hands of Trustee Process Defendant Enterprise Bank and Trust

Co., 222 Merrimack Street, Lowell, Massachusetts 01852, subject to all applicable exemptions

and limitations provided by law.


Date: _____          _____

                                        Justice of the Superior Court

-2-

# Exhibit C

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                                    SUPERIOR COURT DEPT.

|  |  |
|---|---|
| STEPHEN ELLICOTT, | ) |
| | ) |
| Plaintiff/Judgment Creditor, | ) |
| v. | ) |
| | ) |
| ARTHUR HENNESSEY, THOMAS HUNTON | ) |
| and AMERICAN CAPITAL ENERGY, INC., | ) |
| | ) |
| Defendants/Judgment Debtors, | ) |
| | ) |
| and | )   Civil Action No. _____ |
| | ) |
| ASAHI/AMERICA, INC., LUPOLI COMPANIES, | ) |
| LLC, AMERICAN CAPITAL ENERGY – BDD | ) |
| SOLAR, LLC and CITY OF WOBURN, | ) |
| | ) |
| Reach and Apply Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| BANK OF NEW ENGLAND, ENTERPRISE | ) |
| BANK AND TRUST CO., SANTANDER | ) |
| BANK, N.A. and TD BANK, N.A., | ) |
| | ) |
| Trustee Process Defendants. | ) |
| | ) |

## FINDING AND ORDER OF APPROVAL OF
## *EX PARTE* ATTACHMENT ON TRUSTEE PROCESS
## (Santander Bank, N.A.)

This cause came to be heard upon an *ex parte* motion for an order of approval on trustee

process, and upon consideration thereof, and the papers filed in support, the Court hereby finds

that Plaintiff Stephen Ellicott has recovered judgment, including interest and costs, in an amount

equal to or greater than the amount of the trustee process over and above any liability insurance

known or reasonably believed to be available, and that:

1.      There is a clear danger that Defendant/Judgment Debtor American Capital

Energy, Inc. ("ACE"), if notified in advance of the attachment on trustee process, will withdraw

the goods, effects or credits from the hands and possession of the trustee and remove them from

the Commonwealth or conceal them; and/or

2.      There is an immediate danger that ACE will dissipate the credits to be attached on

trustee process.


WHEREUPON, the Court hereby approves attachment on trustee process in the amount

of one million, seventy two thousand, six hundred and ten dollars ($1,072,610) of the goods,

effects and credits of ACE in the hands of Trustee Process Defendant Santander Bank, N.A., 84

State Street, Boston, Massachusetts 02109, subject to all applicable exemptions and limitations

provided by law.


Date: _____          _____

                                        Justice of the Superior Court

-2-

# Exhibit D

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                        SUPERIOR COURT DEPT.

|   |   |
|---|---|
| STEPHEN ELLICOTT, | ) |
| | ) |
| Plaintiff/Judgment Creditor, | ) |
| v. | ) |
| | ) |
| ARTHUR HENNESSEY, THOMAS HUNTON | ) |
| and AMERICAN CAPITAL ENERGY, INC., | ) |
| | ) |
| Defendants/Judgment Debtors, | ) |
| | ) |
| and | )   Civil Action No. _____ |
| | ) |
| ASAHI/AMERICA, INC., LUPOLI COMPANIES, | ) |
| LLC, AMERICAN CAPITAL ENERGY – BDD | ) |
| SOLAR, LLC and CITY OF WOBURN, | ) |
| | ) |
| Reach and Apply Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| BANK OF NEW ENGLAND, ENTERPRISE | ) |
| BANK AND TRUST CO., SANTANDER | ) |
| BANK, N.A. and TD BANK, N.A., | ) |
| | ) |
| Trustee Process Defendants. | ) |
| | ) |

### FINDING AND ORDER OF APPROVAL OF
### *EX PARTE* ATTACHMENT ON TRUSTEE PROCESS
### (TD Bank, N.A.)

This cause came to be heard upon an *ex parte* motion for an order of approval on trustee

process, and upon consideration thereof, and the papers filed in support, the Court hereby finds

that Plaintiff Stephen Ellicott has recovered judgment, including interest and costs, in an amount

equal to or greater than the amount of the trustee process over and above any liability insurance

known or reasonably believed to be available, and that:

1.     There is a clear danger that Defendant/Judgment Debtor Arthur Hennessey, if notified in advance of the attachment on trustee process, will withdraw the goods, effects or credits from the hands and possession of the trustee and remove them from the Commonwealth or conceal them; and/or

2.     There is an immediate danger that Hennessey will dissipate the credits to be attached on trustee process.

WHEREUPON, the Court hereby approves attachment on trustee process in the amount of three million, two hundred seventeen thousand, eight hundred thirty dollars and forty-three cents ($3,217,830.43) of the goods, effects and credits of Hennessey in the hands of Trustee Process Defendant TD Bank, N.A., 450 Essex Street, Lawrence, Massachusetts 01843, subject to all applicable exemptions and limitations provided by law.

Date: _____          _____
                                 Justice of the Superior Court

October 26, 2017

Respectfully submitted,

STEPHEN ELLICOTT,

By his attorneys,

Christopher A. Kenney (BBO# 556511)
(cakenney@KandSlegal.com)
Anthony L. DeProspo, Jr. (BBO# 644668)
(aldeprospo@kandslegal.com)
KENNEY & SAMS, P.C.
225 Turnpike Road
Southborough, Massachusetts 01772
Tel.: (508) 490-8500
Fax: (508) 490-8501